Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V-ESPECIAL

| | | |
|---|---|---|
| VUR JER, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA REGLAMENTADORA DE CANNABIS MEDICINAL<br><br>Recurrida | KLRA202500087 | *Revisión* procedente de la Junta Reglamentadora de Cannabis Medicinal<br><br>Caso Núm.: JRCM-2022-031<br><br>Sobre: Renovación de Licencia CM-2018-088 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 10 de febrero de 2025.

El 7 de febrero de 2025, Vur Jer, LLC (en adelante, parte recurrente) presentó ante este Tribunal revisor un recurso de revisión judicial intitulado *Certiorari en Auxilio,* en el cual manifiesta su inconformidad debido a que la Junta Reglamentadora de Cannabis Medicinal (en adelante, agencia recurrida), en síntesis: (i) no ha emitido un dictamen por escrito en torno a la admisibilidad del testimonio de la Licenciada Arlene M. Questell Aguirre (Lcda. Questell Aguirre); (ii) emitió una determinación en torno al manejo del expediente administrativo con la cual no están de acuerdo; y (iii) denegó una solicitud para determinar que la señora Gwen G. Black (señora Black) no es parte indispensable.

En esa misma fecha, la parte recurrente también incoó una solicitud en auxilio de jurisdicción, la cual fue denegada.

En *primer* lugar, es menester señalar que esta es la cuarta (4) ocasión en que la parte recurrente comparece ante nos mediante un recurso de revisión. En la *primera* ocasión,[1] desestimamos el recurso

---

[1] En el alfanumérico KLRA202300620.

Número Identificador

SEN2025_____

instado debido a que no se había emitido ningún dictamen por escrito que fuese objeto de revisión judicial, por lo que el recurso fue presentado de forma prematura.[2] En la *segunda* ocasión,[3] revocamos un dictamen relacionado a una solicitud de inhibición contra la Oficial Examinadora que presidía los procesos.[4] De igual forma, dispusimos que no contábamos con jurisdicción para atender uno de los señalamientos de error alzados en dicho recurso, puesto a que no formaba parte del dictamen recurrido.[5] Por otro lado, en la *tercera* ocasión,[6] desestimamos el recurso instado por falta de jurisdicción tras haberse presentado de forma prematura.

Ahora bien, luego de haber revisado la totalidad de los autos ante nuestra consideración, así como el recurso instado por la parte recurrente, procederemos a disponer del presente recurso.

Sabido es que, como cuestión de umbral, este foro intermedio debe auscultar su propia jurisdicción para entender en este caso. Ello, puesto a que las cuestiones relacionadas a la jurisdicción inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[7] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[8]

En nuestro ordenamiento jurídico, es norma harta conocida que un caso no es justiciable cuando se pretende promover un pleito que no está maduro.[9] Un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y

---

[2] Véase, *Sentencia* del 23 de diciembre de 2023.
[3] En el alfanumérico KLRA202400022.
[4] Véase, *Sentencia* del 9 de febrero de 2024.
[5] *Íd.*
[6] En el alfanumérico KLRA202400414.
[7] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[8] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[9] *Crespo v. Cintrón,* 159 DPR 290, 298 (2003).

concreta.[10] A esos efectos, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[11]

Otra de las instancias en las cuales un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso tardío es aquel que se presenta fuera del término establecido para acudir en revisión del dictamen. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[12]

Por otra parte, precisa señalar que, en lo que concierne la revisión judicial de las determinaciones de una agencia administrativa, este foro apelativo, únicamente, tiene competencia para revisar decisiones, órdenes y resoluciones *finales*.[13] El Tribunal Supremo de Puerto Rico ha definido las órdenes y resoluciones finales como aquellas que: (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii) resuelven todas las controversias ante la agencia. Es decir, son decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[14] A esos efectos, una orden o resolución *interlocutoria* de una agencia no es revisable directamente.[15]

Ahora bien, este precepto legal podrá ignorarse cuando: (i) el remedio sea inadecuado, o el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios; (ii) se alegue la violación

---

[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[11] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[12] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[13] Véase Artículo 4.006 (c), Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, 4 LPRA sec. 24y(c); Regla 56, Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B, R. 56, y Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9672.
[14] *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006).
[15] *Íd.*, a la pág. 29.

sustancial de derechos constitucionales, o sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos; (iii) sea un caso claro de falta de jurisdicción de la agencia, o (iv) cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.[16] Así, pues, los tribunales se reservan la facultad de intervenir en momentos en que sea necesario para evitar un daño irreparable.[17]

Establecido lo anterior, de entrada, puntualizamos que esta es la cuarta (4) ocasión en la cual la parte recurrente plantea como error que la agencia recurrida incidió en determinar que no era admisible el testimonio la Lcda. Questell Aguirre. Ahora bien, a la fecha de la presentación de este recurso, la referida agencia no ha reducido a escrito la antedicha determinación. Entiéndase, que, al presente, no existe un dictamen escrito con las debidas advertencias para solicitar revisión judicial, el cual exprese que el testimonio de la Lcda. Questell Aguirre no puede admitirse. Es por ello, que, según hemos establecido en los pasados dos (2) recursos presentados ante la consideración de este Panel, no tenemos jurisdicción para atender el señalamiento de error relacionado al testimonio de la Lcda. Questell Aguirre. Debe quedar meridianamente claro que mientras tal circunstancia no ocurra, cualquiera recurso de revisión que se presente será prematuro por lo que la parte recurrente debe abstenerse de presentar solicitudes de revisión de un asunto que indubitadamente es prematuro.

De otra parte, en cuanto al error relacionado a que la señora Black es, presuntamente, parte indispensable en la acción del título, es menester acentuar que, según surge del expediente ante nuestra consideración, el 30 de agosto de 2023, la agencia recurrida denegó una solicitud presentada por la parte recurrente, mediante la cual

---

[16] Ley Núm. 38-2017, *supra,* 3 LPRA sec. 9673.
[17] *Guadalupe v. Saldaña, Pres. U.P.R.*, 133 DPR 42, 49-50 (1993).

peticionó que se determinara que la señora Black era parte indispensable.[18] Sobre la referida determinación se presentó una solicitud de reconsideración, la cual fue declarada *No Ha Lugar*, el 30 de octubre de 2023.[19] Habiendo transcurrido más de un (1) año desde la determinación de la agencia recurrida, en cuanto a que señora Black no es parte indispensable en este caso, nos es forzoso concluir que no tenemos jurisdicción para atender este señalamiento de error, por tardío. Sabido es que, conforme a la Regla 57 de este Tribunal de Apelaciones "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".

Finalmente, en cuanto a la *Resolución* interlocutoria que nos ocupa, en la cual la agencia recurrida le instruyó sobre el manejo de los expedientes administrativos, tras un minucioso estudio de los autos ante nuestra consideración, así como del derecho aplicable, justipreciamos que, tampoco, tenemos jurisdicción para revisar la determinación de la agencia. Ello, puesto a que no existe razón para ignorar las limitaciones impuestas en el ordenamiento jurídico. A nuestro entender, en este caso, no está presente un daño irreparable que sea necesario evitar. A esos efectos, no estamos facultados para intervenir de manera interlocutoria en la acción del título.

Por último, huelga resaltar que la parte recurrente intituló su recurso *Certiorari en Auxilio.* En consecuencia, es necesario enfatizar que el cuerpo de Reglas del Reglamento de este tribunal sobre la revisión de las decisiones administrativas no dispone para la

---

[18] Apéndice del recurso, a las págs. 70-71. Precisa señalar que las páginas contienen dos (2) numeraciones, una a maquinilla, la cual las identifica como las páginas 70 y 71, y otra a bolígrafo, la cual las identifica como las páginas 61 y 62.

[19] Apéndice del recurso, a las págs. 65-66. Puntualizamos que las páginas contienen dos (2) numeraciones, una a maquinilla, la cual las identifica como las páginas 65 y 66, y otra a bolígrafo, la cual las identifica como las páginas 56 y 57.

presentación de un recurso de *certiorari*.[20] Ello, puesto a que, según aclaramos anteriormente, esta Curia, únicamente, tiene competencia para revisar las resoluciones finales que emitan las agencias administrativas.

Dicho todo lo anterior, ordenamos la *desestimación* del recurso del título.

En consideración a lo aquí resuelto, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[21] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Véase, Reglas 56-67 del Reglamento del Tribunal de Apelaciones, *supra*, 4 LPRA Ap. XXI-B, R. 56-67.
[21] 4 LPRA Ap. XXII-B, R.7 (B)(5).